## BASHINSKY COTTON CO. v. SUNSET LIGHTERAGE CORPORATION et al.

(District Court, S. D. New York. February 28, 1919.)

No. 65/138.

1. Admiralty ⬤⟿61—That defense covered by denial was not thought of when respondent pleaded held immaterial.

In a suit for breach of an alleged contract to transport cotton in New York Harbor, where every allegation of the libel except the jurisdictional one was denied, it is immaterial that a defense, which respondent's pleading is wide enough to cover, was not thought of when respondent pleaded.

2. Principal and agent ⬤⟿143 (4)—Undisclosed principal may adopt and sue on agent's contract for transportation.

The undisclosed principal of agents making a contract for the use of a lighter in transporting cotton may adopt the contract and sue thereon.

3. Shipping ⬤⟿104—Plaintiff, suing for breach of contract, must show defendant was carrier.

In a suit in admiralty for breach of an alleged contract to transport cotton, the libelant was bound to prove by a fair preponderance of the evidence that defendant intended to do something necessarily imposing upon it the liability of a carrier.

4. Shipping ⬤⟿104—One hiring lighter to another for transportation of cotton not liable as carrier.

Where defendant hired a lighter to plaintiff at a specified price per day for the purpose of transporting plaintiff's own cotton at its own charges, defendant was not responsible for the cotton as carrier.

In Admiralty. Libel by the Bashinsky Cotton Company against the Sunset Lighterage Corporation, impleaded with Peter P. Terhune and others, copartners doing business as the Williams & Terhune Company. Libel dismissed.

Harrington, Bigham & Englar, of New York City, for libelant.
Macklin, Brown & Purdy, of New York City, for respondents.

HOUGH, Circuit Judge. [1] The plain theory of the libel is that libelant delivered to the respondent certain bales of cotton, "pursuant to a contract made by the libelant with the respondent"; that contract was to carry said cotton from one part of New York Harbor to another and deliver it in good order and condition, which in violation of its aforesaid contract the respondent failed to do, and therefore suit was brought. Every allegation of this libel, except the jurisdictional one, is denied.

It may very well be true that what now looks like the defense most likely to prevail on this trial was not thought of when respondent pleaded; but, if the pleading is wide enough, that is nothing against the defense. It seems to me that the facts in this case present a rather new, but growing, method of performing lighterage business in this harbor. The libelant asserts in substance that it employed the Sunset Corporation to transport this cotton from one pier to another.

[2, 3] As matter of fact the respondent never heard of this libelant until long after the loss complained of; it did business with Williams

& Terhune, who (as it turns out) were agents for the libelant. That is no reason why the libelant cannot adopt the contract of its agent and sue upon it; but the legal question remains the same: What was the nature of the arrangement made between the Sunset Corporation and Williams & Terhune? The truth is that the practical men who testified did not, and quite possibly do not now, understand the niceties of the law of chartering or of that of agency; nevertheless what they said and did must be fitted to those very niceties of law, unless it can plainly be seen, and unless (in this case) it is proved by the libelant by a fair preponderance of evidence, that the Sunset Corporation intended to do something which necessarily imposes upon it the liability now sought to be asserted.

[4] On the evidence it is clear that the Sunset Corporation did not own and did not charter the lighter Guinan. They hired it out to whomsoever they chose, at so much per day, on a 10 per cent. basis. If they found no employment for the lighter, they got nothing; neither did the lighter owner. Out of what they got they paid the wages of the lighter captain for account of the owner. They told Williams & Terhune that they would furnish the lighter at so much per day, and they undertook to have the towing and stevedoring done, and render the bills to Williams & Terhune without additional charge, and specifically declined to do either the towing or the stevedoring at any fixed rate, or to do it themselves because of the uncertainties of the labor market and the instability of prices generally. It was on these terms that the business was done, and the master of the lighter, by necessary inference, must have connived with river thieves to dispose of about 50 bales of cotton.

On these facts, whatever may be the liability of the Guinan in rem, it is plain to me:

(1) That the Sunset Corporation never undertook as a carrier to transport this cotton.

(2) They did not as charterers of the Guinan accept the cotton as freight.

(3) They did furnish the Guinan to Williams & Terhune (or, what is the same thing, to the Bashinsky Cotton Company as now appears) for the purpose of transporting their own cotton at their own charges.

So much for the law as I understand it. As matter of common sense, it is against every inclination of fairness or good business to hold on these facts that there was any intent or purpose on the part of the Sunset Corporation to accept a carrier's responsibility for thousands of bales of cotton for $1.50 a day.

Libel dismissed, with costs as to the Bashinsky Company, and without costs as to Williams & Terhune.